UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00946-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner David L. Green's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.[1] The government opposes Petitioner's motion and argues that *Johnson* does not affect Petitioner's sentence because Petitioner's prior convictions do not fall under the ACCA's residual clause. The Court agrees and will therefore deny Petitioner's motion.

---

[1] The ACCA imposes an increased prison term upon a criminal defendant convicted of being a felon in possession of a firearm, if that defendant has had three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). This catch-all part of the definition of a violent felony has come to be known as the ACCA's "residual clause."

**BACKGROUND**

On June 28, 2013, Petitioner entered into a guilty plea under Federal Rule of Criminal Procedure 11(c)(1)(A), in which he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(e). Thereafter, the United States Probation Office issued a presentence investigation report ("PSR"), which stated that Petitioner had the following prior felony convictions for offenses qualifying as violent felonies under the ACCA: (1) three separate convictions for residential burglary, in violation of 720 ILCS § 5/19-3; (2) three separate convictions for aggravated battery, in violation of 720 ILCS 5/12-4(b)(1); and (3) one conviction for aggravated robbery, in violation of 720 ILCS 5/18-5(a). Petitioner filed a statement that he did not object to the PSR.

On February 20, 2014, the Court adopted the PSR, granted the government's motion for a downward departure, and sentenced Petitioner to 110 months in prison. Petitioner did not appeal his conviction or sentence.

Petitioner now moves to vacate, set aside, or correct his sentence, arguing that, in light of *Johnson*, his prior convictions[2] no longer qualify as predicate offenses under the ACCA. The government responds that Petitioner is barred from appealing his sentence pursuant to the terms of his plea agreement. The government also contends that all of the prior convictions remain violent felonies under different clauses of the ACCA, including

---

[2]   Petitioner does not specify which of his prior convictions no longer qualify as predicate offenses under *Johnson*.

the "enumerated offenses clause" and "elements clause"—which were unaffected by *Johnson*.[3]

## **DISCUSSION**[4]

In order to prevail on a § 2255 motion involving an ACCA conviction, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Givens v. United States*, No. 4:16-CV-1143 CAS, 2016 WL 7242162, at *2 (E.D. Mo. Dec. 15, 2016) (citations omitted).

As noted above, the ACCA increases the prison term for a person convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), to a minimum

---

[3] The government also argues that Petitioner's § 2255 motion was not filed within the one-year limitation period set forth in § 2255(f). The government acknowledges that if Petitioner's motion asserts a claim based on *Johnson*, it would be timely under § 2255(f)(3), permitting motions to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, the government argues that Petitioner's motion is not truly based on *Johnson*, but is instead based on another Supreme Court decision, *Descamps v. United States*, 133 S. Ct. 2276 (2013), which did not recognize a new right.

Courts within this District have uniformly rejected this argument. *See Redd v. United States*, No. 4:16-CV-1665 CAS, 2017 WL 633850, at *3 (E.D. Mo. Feb. 16, 2017) (collecting cases). Rather than addressing the timeliness argument in detail, the Court will proceed to address the merits of Petitioner's claims. *See English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (holding that § 2255's one-year limitations period is not jurisdictional); *Trussell v. Bowersox,* 447 F.3d 588, 590 (8th Cir. 2006) (holding that a court may disregard a non-jurisdictional statute of limitations issue in the interest of judicial economy).

[4] Although the Court notes that Petitioner signed a plea agreement waiving his right to bring this type of § 2255 motion, the Court will nevertheless address the merits of Petitioner's claims.

of 15 years in prison if the person has had three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The italicized language is the "residual clause" invalidated by *Johnson*, in a rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). But the remaining clauses, including subsection (i) (the "elements clause") and the first part of subsection (ii) (the "enumerated offenses clause") are still effective. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony.").

Here, the Court concludes that Petitioner's prior convictions of aggravated battery qualify him as an armed career criminal. Specifically, aggravated battery under Illinois law contains an element of use, attempted use, or threatened use of physical force against another, such that it falls under the elements clause of the ACCA.

Under Illinois law, "A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery." 720 ILCS 5/12-4 (West 1994). Thus, to be guilty of

4

aggravated battery, Petitioner must have necessarily committed a simple battery. Simple battery in Illinois is a divisible statute with varying levels of offense conduct. *United States v. Roman*, 917 F.3d 1043, 1046 (8th Cir. 2019) (citing *United States v. Lynn*, 851 F.3d 786, 797 (7th Cir. 2017), which concluded that because there is more than one way of committing simple battery, the statute is divisible). A conviction under the first prong of the Illinois battery statute,[5] which requires that the person 'causes bodily harm,' has as an element 'the use, attempted use, or threatened use of physical force.'" *Lynn*, 851 F.3d at 797.

Looking to the underlying court documents, as appropriate when considering a divisible statute like this, *see Mathis v. United States*, 136 S. Ct. 2243 (2016), it appears that Petitioner was involved in three separate altercations resulting in three separate convictions: one in which he struck a victim with a baseball bat and pool cue, another in which he struck a victim in the jaw with his hands and kicked the victim while the victim was on the ground, and a third in which he bludgeoned a victim with an iron barbell. *See* PSR, ECF No. 73, *United States v. Green*, 4:13-cr-00134-AGF (E.D. Mo.).

In all three underlying criminal court proceedings, Petitioner was convicted of aggravated battery under Illinois law, which included the element of "causing bodily harm." Accordingly, it appears that Petitioner's convictions satisfy the elements clause of the ACCA. *See United States v. Roman*, 917 F.3d 1043 (8th Cir. 2019) (holding that

---

[5] "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3 (West 1994).

the defendant's conviction of aggravated battery under Illinois law constituted crime of violence for purposes of classification as career offender); *Coleman v. United States*, No. 1:16CV00121 SNLJ, 2016 WL 5390933, at *5 (E.D. Mo. Sept. 27, 2016) ("This Court finds that Illinois Aggravated Battery is an elements clause violent felony as defined by 18 U.S.C. § 924(e)(2)(B)(i).").

Petitioner's three prior aggravated battery convictions constitute violent felony offenses and permitted the Court classify Petitioner as an armed career offender under the enumerated clause of the ACCA. Accordingly, Petitioner's motion will be denied.[6]

## CONCLUSION

The Court concludes that Petitioner is not entitled to relief. Further, the Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (standard for issuing a Certificate of Appealability).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner David L. Green's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255 is **DENIED**. ECF No. 1.

---

[6] Petitioner claims that none of his prior convictions qualify as violent felonies under the enumerated clause of the ACCA. The Court need not address his claims related to his residential burglary and aggravated robbery charges because Petitioner's three aggravated battery convictions constitute the requisite predicate convictions to qualify him as an armed career offender. However, the residential burglary convictions also qualify under the enumerated clause, *see Dawkins v. United States*, 809 F.3d 953, 955 (7th Cir. 2016), and the aggravated robbery conviction qualifies under the elements clause, *see United States v. Chagoya-Morales*, 859 F.3d 411, 421 (7th Cir. 2017).

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2019.